IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALI PAZIRANDEH,<br><br>Plaintiff,<br><br>v.<br><br>MARCO RUBIO, *et al*.,<br><br>Defendants. | CIVIL ACTION NO.<br>1:25-cv-06725-TRJ |

**ORDER**

On March 27, 2026, Defendants filed a motion to dismiss for lack of subject matter jurisdiction due to mootness. (Doc. 7). Defendants argue that Plaintiff's complaint is moot because he filed this lawsuit to compel Defendants to adjudicate his father's IR-5 visa application, and Defendants have since issued a notice of refusal regarding the application. (*Id.*) Plaintiff did not file a response to Defendants' motion, indicating that it is unopposed. *See* LR 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion.").

Federal courts lack the authority to decide moot questions or abstract propositions of law because they do not constitute "cases or controversies" under Article III of the Unites States Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401–03 (1975); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). If a claim is moot, the court lacks subject matter jurisdiction over it. *Sec. & Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403, 406–07 (1972). In order for a court to retain jurisdiction, a real controversy must exist, not only when suit is filed, but throughout

all stages of the case. *Al Najjar*, 273 F.3d at 1355; *Chiles v. Thornburgh*, 865 F.2d 1197, 1202 (11th Cir. 1989). Where intervening events occur after the filing of a lawsuit that deprive the district court of its ability to afford any meaningful relief to the plaintiff, the claim is rendered moot and should be dismissed. *Kassama v. Chertoff*, No. 1:08-cv-00860-WSD, 2008 WL 2227504, at *1 (N.D. Ga. May 27, 2008). In the immigration context, when a plaintiff is no longer eligible to receive the relief requested, the district court must dismiss the case as moot. *Gupta v. United States Att'y Gen.*, 798 F. App'x 606, 607 (11th Cir. 2020); *Nyaga v. Ashcroft*, 323 F.3d 906, 916 (11th Cir. 2003). Here, Plaintiff's claims became moot when the Immigrant Visa Unit at the U.S. Embassy in Abu Dhabi issued a decision refusing Plaintiff's father's IR-5 visa application. (Doc. 7-1). Thus, there is no case or controversy and no meaningful relief the Court can now provide.

Accordingly, Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 7) is **GRANTED**, and this case is **DISMISSED** for lack of subject matter jurisdiction due to mootness. The Clerk is respectfully **DIRECTED** to **CLOSE** this case.

SO ORDERED, this 20th day of April, 2026.

TIFFANY R. JOHNSON
United States District Judge